Filed 10/5/20  P. v. Davis CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B297734 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA103093) |
| v. | |
| MARK DAVIS et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County.  John J. Lonergan, Jr., Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant Mark Davis.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant Deontra Evans.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Chief Assistant Attorney General, Idan Ivri and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Mark Davis and Deontra Evans (Appellants) appeal from post judgment orders denying their Penal Code section 1170.95[1] petitions to vacate their murder convictions and to be resentenced on the remaining counts.  Because a jury found true they each intended to kill the victims, they are ineligible for relief under section 1170.95, which was enacted to ensure that murder liability is not imposed on a person who did not act with the intent to kill.  (Stats. 2018, ch. 1015, § 1(f); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)  We affirm the orders.

## BACKGROUND[2]

Appellants were members of the Raymond Avenue sect of the Crips (Raymond).  On July 25, 2008, Appellants and two other Raymond members had an altercation with members of the 87 Gangsters, a different sect of the Crips.  About midnight, members of Raymond and the 87 Gangsters congregated on opposite sides of Laconia Boulevard, in territory claimed by Raymond, appearing ready to fight and announcing their respective gang affiliations.

Davis approached G.P., a member of the 87 Gangsters, put a gun to his neck, and threatened to kill him.  Davis also threatened two other members of the 87 Gangsters with the gun, repeatedly ordering them out of Raymond territory.  Davis then gave the gun to Alajonon Reed, who fired at the group of 87

---

[1]     All further section references are to the Penal Code.

[2]     The facts of the underlying crimes and proceedings are taken from our unpublished opinion, *People v. Evans* (Dec. 16, 2011, B224076) [nonpub. opn.].

Gangsters. Reed hit Raymond Requena, who died of multiple gunshot wounds. Both groups fled after the shots were fired. While fleeing with Davis and Reed, Evans turned around, shot in the direction of the 87 Gangsters, and told them to get out of his neighborhood. Meanwhile, G.P. was in a car with two other members of the 87 Gangsters, Daniel Johnson and N.L. Davis, Reed, and Evans shot at the car and hit Johnson, killing him.

Davis, Evans, and Reed[3] were jointly tried and convicted of the murders of Requena and Johnson, along with multiple other charges. Of relevance to this appeal, the jury found Davis guilty of first degree murder as to both victims but found Evans guilty of first degree murder as to Johnson and second degree murder as to Requena. The jury also found true the special circumstance allegation attendant to each murder charge that Appellants intended to kill the victims pursuant to section 190.2, subdivision (a)(22).[4]

Evans was sentenced to two consecutive life terms without the possibility of parole plus an additional term of 50 years to life. Davis was sentenced to an indeterminate term of two consecutive

---

[3]     Reed is not a party to this appeal.

[4]     Section 190.2 sets forth the special circumstances under which murderers and accomplices can by punished by death or life without possibility of parole. One such circumstance is when a defendant "intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang." (§ 190.2, subd. (a)(22).)

life terms without the possibility of parole plus two terms of 25 years to life and a determinate term of 39 years eight months.

In their initial appeal, Appellants challenged, among other things, the sufficiency of the evidence to support their murder convictions and the special circumstance finding they had the intent to kill under section 190.2, subdivision (a)(22). We found sufficient evidence to support the jury's findings and affirmed their convictions. (*People v. Evans, supra,* B224076, at [pp. 7–11].)

In 2019, Appellants each filed a petition pursuant to section 1170.95, seeking to have his murder conviction vacated and to be resentenced on the ground he had been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. Appellants also sought appointment of counsel. The trial court appointed counsel and the People responded to both petitions.

Before the time expired for appointed counsel to file their replies, the trial court denied both petitions. It held section 1170.95 violated the California Constitution, violated the separation of powers doctrine, and impermissibly amended Proposition 7 and Proposition 115. Additionally, the trial court determined Appellants were not entitled to relief as a matter of law. The court based its decision on our determination in the initial appeal that sufficient evidence supported a finding Appellants aided and abetted both murders. The court further found Appellants were each a major participant in the crime who acted with reckless indifference to human life.

Appellants timely filed notices of appeal.

4

## DISCUSSION

Appellants separately challenge the trial court's denial of their petitions. Evans argues the trial court erred when it failed to allow him an opportunity to file a reply to the People's response, relied on materials outside the record of conviction, and applied the felony murder "reckless indifference" and "major participant" analysis in a non-felony murder case. Davis argues insufficient evidence supports the trial court's findings that he aided and abetted the murders and was a major participant in them.

We find no reversible error. The jury found true as to each murder count the special circumstance allegation under section 190.2, subdivision (a)(22) that Appellants acted with the intent to kill the victim. Appellants are thus not entitled to relief under section 1170.95 as a matter of law.

In making this determination, we do not address Appellants' challenges to the trial court's determination that section 1170.95 violates the California Constitution, violates the separation of powers doctrine, and impermissibly amends Proposition 7 and Proposition 115, as the Attorney General concedes them.

## I. Resentencing Under Section 1170.95

The Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) in 2018 to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) SB 1437 amended section 188 to require that a principal

"shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

SB 1437 "did not, however, alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.' [Citations.] One who directly aids and abets another who commits a murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted on different grounds Mar. 18, 2020, S260598 (*Lewis*).)[5] As a result, a defendant is ineligible for relief under section 1170.95 if his murder conviction is predicated on a finding he had malice aforethought or the intent to kill. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted on a different ground Mar. 18, 2020, S260493 (*Verdugo*);[6] see also *Martinez, supra,* 31 Cal.App.5th at p. 723.)

---

[5] In *Lewis*, "[t]he issues to be briefed and argued are limited to the following: (1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?" (*People v. Lewis* (Mar. 18, 2020, S260598) __ Cal.5th __ [2020 Cal.Lexis 1946, at p. *1].)

[6] The high court granted review in *Verdugo* but deferred further action "pending consideration and disposition of a related issue in [*Lewis*]." (*People v. Verdugo* (Mar. 18, 2020, S260493) ___Cal.5th ___ [2020 Cal.Lexis 2057, at p. *1].)

6

SB 1437 also added section 1170.95, which sets forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).) To file the petition, all three of the following conditions must be met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189." (*Id.*, subd. (a)(1)–(3).) The petition shall include a declaration stating that "he or she is eligible for relief under this section" based on the three requirements of subdivision (a). (§ 1170.95, subd. (b)(1)(A).)

Once a complete petition has been filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) Once an order to show cause is issued, a hearing is held to determine whether to vacate the murder conviction, recall the

7

sentence, and resentence the petitioner on any remaining counts. (*Id.*, subd. (d)(1).)

## II. The Trial Court Properly Denied Appellants' Petitions Because They Were Not Entitled To Relief as a Matter of Law

The trial court properly denied Appellants' petitions for resentencing. The jury found they each intended to kill the victims pursuant to section 190.2, subdivision (a)(22). Relief under SB 1437 is limited to those defendants who did not act with the intent to kill, as well as those who are not the actual killer and are not a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1 (f); *Martinez, supra*, 31 Cal.App.5th at p. 723.)

In our prior opinion, we determined sufficient evidence supported the jury's finding that Appellants acted with the intent to kill. As to Davis, we noted he held a gun to G.P.'s neck, threatening to kill him and two other members of the 87 Gangsters. Additionally, Davis handed a gun to Reed in the midst of a gang confrontation. We concluded these facts supported a finding of intent to kill. The fact that Davis's threats ultimately were carried out by his fellow gang members did not show Davis lacked the intent to kill. As to Evans, we concluded a reasonable jury could have inferred an intent to kill from his act of shooting directly at the 87 Gangsters. (*People v. Evans, supra,* B224076, at [pp. 9–11].)

A Court of Appeal opinion and a jury's findings in the underlying trial may be considered by the trial court in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 or whether he is ineligible for relief as a matter of law. (*Verdugo, supra,*

8

44 Cal.App.5th at p. 333, review granted, see *ante* fn. 6; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011.)  Because Appellants each acted with intent to kill the victims, they are ineligible for relief as a matter of law. (*Verdugo,* at p. 333.)

Davis contends he was convicted of murder based on a natural and probable consequences theory, which renders his convictions subject to vacatur under SB 1437.  While Davis acknowledges the jury found he intended to kill the victims, he would have us ignore this finding.  We decline to do so.

Evans challenges the trial court's decision on procedural grounds, asserting the trial court erred when it failed to allow defense counsel to file a reply brief before summarily denying his petition.  We are persuaded by the cases interpreting section 1170.95, subdivision (c) to permit a trial court to summarily deny a petition without appointment of counsel when the defendant fails to make a "prima facie showing that he [or she] 'falls within the provisions of' the statute." (*Lewis, supra,* 43 Cal.App.5th at p. 1137, review granted; *Verdugo, supra,* 44 Cal.App.5th 320, 328, review granted; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted, Mar. 18, 2020, S260410; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 896, review granted Aug. 12, 2020, S263219.)

Evans asserts these cases are wrongly decided.  The ultimate decision lies with the Supreme Court, which has granted review on these issues, see *ante* footnotes 5 and 6. Subject to the Supreme Court's decision, we agree with *Lewis* and the concurring cases.  (Cal. Rules of Court, rule 8.1115(e)(1) [opinions pending review have "no . . . precedential effect, and may be cited for potentially persuasive value only."].)

Nevertheless, even if the trial court should have allowed counsel to file a reply brief before making its decision, any error was harmless. A trial court's error, if any, in failing to appoint counsel to a defendant or denying a defendant's petition for resentencing under section 1170.95 is subject to harmless error analysis. (*People v. Law* (2020) 48 Cal.App.5th 811, 826 [applying harmless beyond a reasonable doubt standard under *Chapman v. State of California* (1967) 386 U.S. 18, 24].) Given the jury's specific finding of intent, counsel would not have been able to demonstrate in a reply brief that Evans was entitled to relief under section 1170.95. We likewise find harmless any error stemming from the trial court's alleged reliance on materials outside the record of conviction.

We also reject Evan's last contention that the trial court erroneously applied the felony murder "reckless indifference" and "major participant" analysis in a non-felony murder case. As discussed above, Appellants were not entitled to relief as a matter of law due to the jury's intent finding. That the trial court may have denied the petitions for resentencing on an alternative, erroneous ground is not reason for reversal. " 'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' " (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19; see *People v. Smithey* (1999) 20 Cal.4th 936, 971–972.)

## DISPOSITION

The orders summarily denying Appellants' petitions for resentencing under section 1170.95 are affirmed.


BIGELOW, P. J.

We Concur:



GRIMES, J.



WILEY, J.